# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT WILLIAM LARSSON,<br><br>Defendant. | CR 09-110-GF-BMM<br><br>**ORDER** |

      This case was referred to United States Magistrate Judge John Johnston for a revocation hearing and findings and recommendations. Judge Johnston entered his findings and recommendations on June 23, 2015. Defendant admitted he had violated the Preamble to the Standard Conditions of his supervised release by committing a new crime. Defendant admitted he had violated Standard Condition 1 of his supervised release by leaving the Western District of Michigan without permission. Defendant admitted he had violated Standard Condition 6 of his supervised release by failing to notify his probation officer of a change in residence. Defendant admitted he had violated Special Condition 1 of his supervised release by failing to participate in substance abuse testing, and he had violated Special Condition 5 by using marijuana. Judge Johnston found the admissions sufficient to establish the supervised release violations. He

recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of seven months for each count, to run concurrently, with no supervised release to follow.

Defendant filed objections on July 7, 2015, but withdrew the objections on July 10, 2015. (Doc. 60). Given that there are no objections to Judge Johnston's findings and recommendations, the Court will review the findings and recommendations for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981).

The Court agrees with Judge Johnston's findings. Defendant admitted that he had violated the Preamble to the Standard Conditions, Standard Conditions 1 and 6, and Special Conditions 1 and 5. Defendant could be incarcerated for up to 24 months, followed by 36 months of supervised release less any custody time imposed. The United States Sentencing Guidelines call for a term of imprisonment of six to twelve months. A sentence of seven months in custody with no supervised release to follow, is appropriate. The sentence is sufficient but not greater than necessary. No further supervised release is required as Defendant has gained the maximum benefit he can from court supervision.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 58) are ADOPTED in full and Judgment shall be entered accordingly.

DATED this 29th day of July, 2015.

Brian Morris
United States District Court Judge